IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT CHANKIN, et al. ) | |
| ) | |
| On Behalf of Themselves and ) | |
| All Others Similarly Situated, ) | |
| ) | Case No. 4:08CV196HEA |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| TIHEN COMMUNICATIONS, INC. ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Conditional Certification of Class Claims Under § 216(b) of the FLSA, [Doc. No. 23]. Defendant concedes the Conditional Certification, but opposes the applicable statute of limitations period and the time frame within which it needs to produce information regarding notice to class members. For the reasons set forth below, the Motion is granted, except with respect to the requested production time.

Plaintiffs brought this action alleging Defendant has violated the provisions of the Fair Labor Standards Act, (FLSA), 29 U.S.C. § 201, *et seq.*, by failing to pay its Tech employees overtime compensation. Plaintiffs now seek conditional certification of a class of Tech employees who were allegedly not paid overtime

compensation pursuant to Section 216(b) of the FLSA.

Section 216(b) provides in part that "[a]n action . . . may be maintained against an employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b). Under the FLSA §216(b), and unlike Fed.R.Civ.P. 23, this is an "opt-in" class and not an "opt-out" class. This provision is the exclusive procedural mechanism for class certification in actions under the FLSA. *Davis v. NovaStar Mortgage, Inc.* 408 F.Supp.2d 811, 814-15 (W.D.Mo. 2005).

The FLSA does not define the phrase "similarly situated." Courts in this Circuit which have considered this issue, have utilized a two-step process in determining whether class certification is appropriate. *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225 (E.D.Mo. 2008); *Schleipfer v. Mitek, Corp.*, 2007 WL 2485007 (E.D.Mo. Aug. 29, 2007); *Kautsch v. Premier Communications*, 2007 U.S. Dist. LEXIS 4728 (W.D.Mo. 2007); *Davis v. NovaStar Mortgage, Inc.,* 408 F.Supp.2d 811, 814-15 (W.D.Mo. 2005); *Boyle v. Barber & Sons Company*, 2004 U.S. Dist. LEXIS 29168 (W.D.Mo. 2004); *Garner v. Regis Corp.*, 2004 U.S. Dist. LEXIS 29167 (W.D.Mo. 2004).

In this two-step process, a plaintiff may move for conditional certification at an early stage in the litigation. *Huang*, 248 F.R.D. at 227. The plaintiff's burden is

not onerous and the underlying merits of the FLSA claim should not be considered by the court. *Id.* The plaintiff does not need to demonstrate that the members of the class are actually similarly situated. This examination will take place at the second stage. *Id.* at note 1. In the second step of the class certification process, a defendant may move to have the class decertified. This is generally done after the close of discovery, or at least where "discovery is largely complete and the matter is ready for trial." *Id.* (quoting *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)).

Conditional class certification at the notice stage requires "nothing more than substantial allegations" that the putative class members are similarly situated. *Id.* (quoting *Schleipfer*, 2007 U.S. Dist. LEXIS 64042). The plaintiff's only burden is providing substantial allegations that the proposed class members are similarly situated, in that they are "the victims of a single decision, policy, or plan." *Id.* at 228 (quoting *Schleipfer*, 2007 WL 2485007, at *3). "Typically, district courts will make the determination of whether to conditionally certify a class based solely on the affidavits presented by the plaintiffs." *Id.* at 227. The similarly situated threshold requires only a modest factual showing. *Kautch*, 2007 U.S. Dist. LEXIS 4728 at *13. (citing *Davis*, 408 F. Supp.2d at 816; *Boyle v. Barber & Sons, Co.*, Case No. 03-0574-CV-W-FJG, 2004 U.S. Dist. LEXIS 29168 (W.D. Mo. 2004)

(granting conditional certification based on the affidavit of one former employee). "This initial step creates a lenient standard which typically results in conditional certification of a representative class." *Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp.2d 1164, 1166 (D. Kan. 2006)).

Defendant concedes that Plaintiffs have met this lenient standard for conditional certification. It argues, however, that Plaintiffs have failed to sufficiently allege "willfulness," an element which determines whether it is required to supply names and addresses of Tech employees going back two or three years. Plaintiffs seek certification of a class from February 7, 2005, (three years prior to the filing of the Complaint on February 7, 2008). The applicable statue of limitations provides:

> every such action shall be forever barred unless commenced within tow years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within thee years.

29 U.S.C. § 255(a).

> The standard of willfulness that was adopted in *Thurston*-that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute-is surely a fair reading of the plain language of the Act.

*McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988). A review of the allegations in the Second Amended Complaint and the affidavits in support of the

Motion for Certification establish that, at this stage of the litigation, Plaintiffs have sufficiently alleged a "willful" violation: For example, the Second Amended Complaint alleges that Defendant mislabeled Plaintiffs as "contractors" rather than employees; Defendant's actions in not paying overtime pay were willful; Plaintiffs are not exempt from the right to receive overtime pay and are not exempt from the requirement that their employer pay them overtime pay under the FLSA; the terms of Plaintiffs' employment were not negotiated.

Defendant further argues that the requested time period for providing employee information of ten days is too short and would impose a significant burden on it. Plaintiffs has agreed to some flexibility, and the Court agrees that the ten day period is indeed insufficient. Defendant also contends that the financial burden it would experience in providing the information is onerous and should be borne by Plaintiff. The Court is unpersuaded by Defendant's argument and therefore will not order Plaintiffs to bear the cost of Defendant's production

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Conditional Class Certification of Class Claims Under § 216(b) of the FLSA, [Doc. No. 23], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs Scott Chankin and Tim Klein

and their counsel respectfully shall act as class representatives and counsel for the class;

**IT IS FURTHER ORDERED** that Defendant shall provide to Plaintiffs counsel a list, within thirty days from the date of this Order, of all persons who worked for the Defendant as Tech employees from February 7, 2005 to the present, with their last known addresses, phone numbers, social security numbers, and dates of employment in an agreeable format for mailing;

**IT IS FURTHER ORDERED** that Plaintiffs' *Notice of Claims and Right to Opt-In.* is hereby approved and Plaintiffs are authorized to send said *Notice of Claims and Right to Opt-In.*

Dated this 20th day of March, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE